UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 7, 2006
Decided May 17, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff-Appellee*,<br><br>**No.** 05-3312　　　　　**v.**<br><br>THOMAS FLASCHBERGER,<br>　　*Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 03 CR 80<br>John C. Shabaz, *Judge*. |

**Order**

Our initial opinion in this case, 408 F.3d 941 (7th Cir. 2005), affirmed Flaschberger's conviction but remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). We directed the district court to limit the award of restitution to the years included in the counts of conviction and to determine explicitly whether losses incurred in years preceding the counts of conviction were part of a single scheme or plan for purposes of the relevant-conduct rules under the Sentencing Guidelines.

The district court complied, and Flaschberger does not contend that error was committed in either respect. (Flaschberger does dispute the finding, but that argument repackages his contention, which we rejected last year, that he did not commit

fraud in the first place.)

Flaschberger's lead contention--that "loss" under the Sentencing Guidelines is limited to the defendant's gain--is inconsistent with the text of U.S.S.G. §2B1.1 as well as with Application Note 8(d), which says that when public funds are misapplied loss means the "value of the benefits diverted from intended recipients or uses." The district court's use of a $900,000 loss figure is not clearly erroneous in light of the record, which shows that (a) the colleges actually received that sum as a result of the fraudulent certifications, yet (b) did not offer students the services for which the federal funds supposedly paid.

The further contention that the district court should not have increased the offense level by two under U.S.S.G. §2B1.1(b)(2) for more than minimal planning has not been pre-served for appellate decision. It was not made during the first appeal or among the subjects we instructed the district court to revisit. Although it is true that we called for a full resen-tencing, which potentially reopened all issues, Flaschberger did not raise this subject in the district court during the resen-tencing. Our review therefore is limited to a search for plain error, of which there is none.

Flaschberger also failed to preserve for appeal his conten-tion that the record does not support restitution of $510,322. He conceded in the district court that if his legal approach should be rejected then "there is no question that the appropri-ate amount of restitution is $510,322". His legal arguments were soundly rejected; they suppose that the prosecutor must trace every dollar to see whether it could have done some good for students. That's not so; it is enough to find that the federal funds were obtained by fraudulent misrepresentation and substan-tially misapplied.

                                                              Affirmed.